# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

ISAAC GOODMAN,                )
          #268285,            )
                              )    CIVIL ACTION NO. 0:07-3517-MBS-BM
               Petitioner,    )
                              )
v.                            )
                              )    **REPORT AND RECOMMENDATION**
LEROY CARTLEDGE, Warden,      )
M.C.C.I.,                     )
                              )
               Respondent.    )
_____)

This is a <u>pro se</u> Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on October 21, 2007.[1]  The Respondent filed a return and motion for summary judgment on February 15, 2008. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on February 19, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on April 23, 2008.  This matter is now before the Court for disposition.[2]

---

[1] Filing date under <u>Houston v. Lack</u>, 487 U.S. 266 (1988).  Although the envelope attached to the initial petition in PACER reflects a prison mailroom stamp of July 12, 2007, this date cannot be correct, as the petition itself is dated October 21, 2007.  Accordingly, the Petitioner is given the benefit of the date that he signed the petition, October 21, 2007, as the filing date.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As



**Procedural History**

Petitioner was indicted in December 2000 in Richland County for possession with intent to distribute ("PWID") marijuana 10th offense [Indictment No. 00-GS-40-54087](R.pp. 51-52)[3] and PWID crack cocaine 10th offense [Indictment No. 00-GS-40-54088](R.pp. 45-46). Petitioner was represented on these charges by Jill Andrews, Esquire. Petitioner also was indicted in December 1999 in Richland County for murder [Indictment No. 99-GS-40-35332]. (R.pp. 48-49). Petitioner was represented on the murder charge by Robert Mills, Esquire. On January 23, 2001, pursuant to negotiations with the State, Petitioner pled guilty to the PWID crack cocaine charge, for which he would receive a twenty-five (25) year sentence, concurrent, to the sentence he was then serving, and by way of North Carolina v. Alford, 400 U.S. 25 (1970), to the lesser-included offense of involuntary manslaughter on the murder charge, for which he would receive a consecutive sentence of five (5) years. The State then *nol prossed* the PWID marijuana charge. (R.pp. 4-6, 20-23, 27, 30). The trial judge accepted the negotiations and sentenced the Petitioner to twenty-five (25) years, concurrent, for PWID crack cocaine, and five (5) years, consecutive, on the involuntary manslaughter charge. (R.pp. 42, 47, 50).

Petitioner filed a timely appeal in which he was represented by Joseph Savitz, Chief Deputy Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner's counsel filed an Anders[4] brief, requesting to be relieved as counsel, and raising the following direct

---

this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The record provided to the Court also contains court records relating to some of Petitioner's other criminal cases, including PCR actions. Only the portion of the record relevant to the convictions contested in the habeas petition at bar are referenced and discussed.

[4]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing



appeal issue:

> The judge rendered appellant's guilty plea conditional-and thus void-by advising him, "[Y]ou have a right to appeal the guilty plea . . . "

<u>See</u> Respondent's Exhibit 21, p. 3.[5]

Petitioner also filed a *pro se* brief raising the following additional issue:

> Trial Court lacked subject matter jurisdiction to hear or accept appellants guilty plea.

<u>See</u> Respondent's Exhibit 23, p. 3.

On June 20, 2002, the South Carolina Court of Appeals filed an opinion relieving counsel and affirming the convictions and sentences. <u>See</u> Respondent's Exhibit 27. <u>State v. Goodwin</u>, 2002-UP-0448 (S.C.Ct.App. 2002).

Petitioner filed a *pro se* Petition for Rehearing dated July 2, 2002; <u>see</u> Respondent's Exhibit 25; which was denied by the South Carolina Court of Appeals on August 23, 2002. <u>See</u> Respondent's Exhibit 29. Petitioner then filed a *pro se* Petition for Writ of Certiorari dated September 11, 2002 with the South Carolina Supreme Court, in which he raised the following issue:

> Is the Court of Appeals' decision - that the Circuit Court [ ] has Subject Jurisdiction to hear a guilty [plea] by a defendant charged with murder after a waiver of presentment for involuntary manslaughter as the lesser included offense - in conflict with decisions by this Court?

---

anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. <u>Anders</u>, 386 U.S. at 744; <u>see also</u> <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988).
.

[5]The Exhibit numbers are from the courtesy copy provided to the Court. These numbers do not all correlate with the court electronic filing numbers for these exhibits. However, since a courtesy copy was also filed on the Petitioner, the undersigned has used these numbers in order that the Petitioner's copy of these exhibits would correlate with the numbers listed herein.



<u>See</u> Respondent's Exhibit 31, p. 2.

On November 21, 2002, the South Carolina Supreme Court denied the petition for writ of certiorari. <u>See</u> Respondent's Exhibit 33. The Remittitur was sent down on December 13, 2002. <u>See</u> Respondent's Exhibit 34.

Meanwhile, while his direct appeal was pending, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court on April 12, 2001; <u>Goodman v. State of South Carolina</u>, 01-CP-40-1501 (R.pp. 53-69); in which he raised the following issues:

1. Prosecutorial Misconduct.

2. Ineffective Assistance of trial counsel.

3. The Court lacked Subject-Matter Jurisdiction.

(R.p. 54).

On January 20, 2004, an evidentiary hearing was held at which Petitioner was represented by Melissa J.R. Kimbrough. (R.pp. 336-408). In addition to PCR case No. 01-CP-40-1501, the hearing also addressed other PCR cases that had been filed by the Petitioner relating to other convictions. [Case Nos. 01-CP-40-1626, 02-CP-40-4682]. (R.pp. 336-409). On February 19, 2004, the PCR judge entered a written order denying the petition in its entirety. (R.pp. 410-415).

Petitioner's counsel filed a Notice of Appeal with the South Carolina Supreme Court dated February 23, 2004. <u>See</u> Respondent's Exhibit 3. However, Petitioner was also apparently filing <u>pro se</u> motions with the court, and on May 21, 2004 the Clerk of the South Carolina Supreme Court sent a letter noting that he could not tell if the post-trial motions Petitioner had filed were timely and that it would be up to either party to make a motion to dismiss the appeal if the party believed those post-trial motions should be heard. <u>See</u> Respondent's Exhibit 4. No such motion was



filed, but  Petitioner did file a "<u>Pro-Se</u>, Motion to Remove Counsel for Self Representation".  <u>See</u>

Respondent's Exhibit 5.  After being warned about the dangers of self-representation, Petitioner was

allowed to represent himself; <u>see</u> Respondent's Exhibits 6, 8; and he then raised the following issues

in his writ of certiorari:

> 1.  Whether the State's failure to comply with S.C. Code Ann. § 22-5-200 (Cumm. Supp. 1982) and S.C. Code Ann. § 22-5-510 (Cumm.Supp. 1982) deprived the trial court of jurisdiction to entertain the Petitioner's criminal case?
>
> 2.  Whether Petitioner's trial counsel's were ineffective where they failed to move upon the trial court to quash his indictments or challenge his 1995 indictments to be quashed where he was denied due process of law by reason of the fact that he was not afforded a preliminary hearing as required by State Statute resulting in prejudice where he was denied his constitutional entitlement to the assistance of counsel at his preliminary hearing?

<u>See</u> Respondent's Exhibit 7, p. 2.

Petitioner then filed an amended petition, dated November 2, 2004, in which he raised the following

issues:

> 1.  Whether the combined effect of S.C. Code Ann. §22-5-710 (Supp. 1985) and, in addition, the 1998 amended statute, S.C. Code Ann. §22-5-510 (Supp. 1998) was to deprive the Court of General Sessions of jurisdiction to try Petitioner?
>
> 2.  Whether the multiple acts and omissions of Petitioner's trial counsel's denied him the effective assistance of counsel?
>
> 3.  Whether the post-conviction hearing judge erred where he ruled Petitioner could not challenge his 1995 prior convictions dismissing his PCR application denying him relief where his 1995 priors were used by the State to seek life imprisonment based on a letter of Notice?

<u>See</u> Respondent's Exhibit 9, p. 2.

On September 20, 2006, the South Carolina Supreme Court issued an order denying

the petition for writ of certiorari.  <u>See</u> Respondent's Exhibit 14.  Petitioner then filed a <u>pro se</u> petition

for rehearing, and a "Motion to Stay Remittitur Pending Ruling on Petitioner's Motion for Rehearing



5

En Banc", both dated October 18, 2006.  <u>See</u> Respondent's Exhibits 15 and 16.  The South Carolina

Supreme Court denied both of these motions on November 14, 2006.  <u>See</u> Respondent's Exhibit 19.

The Remittitur was sent down on November 14, 2006.  <u>See</u> Respondent's Exhibit 17.

In his Petition for writ of habeas corpus filed in the United States District Court,

Petitioner raises the following claims:

**Ground One**: Prosecutorial misconduct.

Petitioner contends that the Solicitor committed prosecutorial misconduct by supposedly prosecuting Petitioner 1) on a "void" search warrant because the warrant was only valid for 10 days, and it was not returned until past that time; 2) where the chain of custody was faulty because the arresting officer allegedly did not turn in the seized drugs until two days after the arrest; and 3) where there was no money or marijuana turned in as a result of the arrest.

**Ground Two:** Ineffective Assistance of Trial Counsels - Ms. Jill C. Andrews and Robert C. Mills.

Petitioner contends that counsel Andrews was ineffective for failing to file for a suppression hearing concerning the failure to return the search warrant within the ten day period, and concerning the alleged broken chain of custody.  Petitioner also contends that Andrews failed to timely file a direct appeal.  Finally, Petitioner contends that Mills was ineffective for advising Petitioner to plead to the involuntary manslaughter charge when he had a claim of self-defense, and that Mills also withheld witness statements and other evidence.

**Ground Three:** Subject Matter Jurisdiction.

Petitioner contends that the trial court lacked subject matter jurisdiction because of the alleged ten day issue with the search warrant, the chain of custody issue, and the fact that no money or marijuana was allegedly turned in after arrest.

<u>See</u> Petition pp. 6-9.[6]

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers

_____

[6]Claims are paraphrased - not direct quotes from Petition.



6

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner alleges prosecutorial misconduct based on three contentions: 1) the warrant was only valid for 10 days, and it was not returned until past that time; 2) the chain of custody was faulty because the arresting officer allegedly did not turn in the seized drugs until two days after the arrest; and 3) there was no money or marijuana turned in as a result of the arrest. The Respondent contends that this claim is procedurally barred from consideration by this Court because this issue was not presented at the trial level when Petitioner pled guilty, in Petitioner's direct appeal, or in his PCR appeal. The undersigned is constrained to agree.

Although Petitioner did make reference to a claim of prosecutorial misconduct in his PCR appeal amended petition; <u>see</u> Respondent's Exhibit 9, pp. 8-9; it is not raised as a separate claim. Further, Petitioner's discussion of alleged prosecutorial misconduct in that Petition does not relate to the prosecution and convictions at issue in this habeas petition, but to *other* convictions he was also contesting at the same time. Petitioner also again referenced the issue of prosecutorial



misconduct in his petition for rehearing filed in his PCR appeal; <u>see</u> Respondent's Exhibit 16, p. V; however, a petition for rehearing is not a proper filing in which to raise an issue that was not previously before the Court in the underlying writ of certiorari.  <u>See</u> Rule 208(b)(1)(B)[ordinarily no point will be considered that is not set forth in the statement of issues on appeal].  Under the South Carolina Rules, a petition for rehearing "*shall* state with particularity the points supposed to have been *overlooked or misapprehended* by the court." Rule 221(a), SCACR [emphasis added]; <u>Arnold v. Carolina Power and Light</u>, 167 S.E. 234, 238 (S.C. 1933).  That was not the case with respect to this issue, which was not even set forth as a claim in Petitioner's writ. <u>Cf</u> <u>Joseph v. Angelone</u>, 184 F.3d 320, 328 (4th Cir. 1999), <u>cert.</u> <u>denied</u>, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995)(quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).

Therefore, since the Petitioner did not preserve this claim at the trial level and did not properly raise this claim in his direct appeal or in his petition for certiorari in his PCR appeal,[7] it is barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL

---

[7]While Petitioner did raise this claim in his APCR, and it was addressed by the PCR judge in his order, this issue would not appear to have been a proper claim to even raise as a freestanding issue in an APCR. <u>Drayton v. Evatt</u>, 430 S.E.2d 517, 519-520 (S.C. 1992) [issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel].



8

34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not properly pursued and exhausted by the Petitioner in the state courts, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence.  Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.



Here, Petitioner does not argue cause for his failure to raise this claim[8]. Rather, Petitioner argues that claims regarding lack of subject matter jurisdiction can be raised at any time. See Petitioner's Memorandum in Opposition, p. 13. It is not clear whether Petitioner intended to use this argument to show cause for his procedural default on this issue, which the undersigned does not find to even be a "subject matter jurisdiction" claim. Even if this was Petitioner's intent, and this claim *could* be considered a subject matter jurisdiction claim, the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007). It is not for this Court to determine such issues of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991)["federal habeas corpus relief does not lie for errors of state law."]; Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]. As noted, Petitioner has made no other showing of cause for failing to raise and properly exhaust this issue. Accordingly, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

---

[8]Although in his brief Petitioner discusses his claim of ineffective assistance of direct appeal counsel for failing to raise certain issues, he does not include his claim for prosecutorial misconduct as one of those issues. See Petitioner's Memorandum in Opposition, pp. 18-19. Furthermore, since Petitioner raised this issue in his PCR action, and it was addressed by the PCR judge, he could have preserved it by pursuing it in his PCR appeal, which he did not. See Respondent's Exhibit 9, p. 2.



Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Although Petitioner argues about the weakness of the evidence and deficiencies in the proceedings, it is not clear if Petitioner is even attempting to present an actual innocence claim to overcome his procedural default. In any event, to the extent he is attempting to do so, his actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which would support his claim of innocence on the criminal charges, nor has he demonstrated his factual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."]; Doe v. Menefee, 391 F.3d 147, 161 (2nd Cir. 2004) [quoting Schlup for the evidentiary standard required for a court to consider



11

an actual innocence claim]; <u>Thompson v. United States</u>, No. 99-3893, 2000 WL 571952, *2 (6th Cir. May 2, 2000)[bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke  exceptional review of a conviction under § 2241].

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

## II.

In Ground Two of his Petition, Petitioner contends that trial counsel Andrews  was ineffective: 1) for failing to file a suppression hearing concerning the failure to return the warrant to the magistrate within the ten day period; 2) concerning the alleged broken chain of custody; and 3) for failing to advise Petitioner of his right to file a direct appeal.  Petitioner also contends that Mills, his trial counsel on the murder charge, was ineffective for advising Petitioner to plead to the involuntary manslaughter charge when he had a claim of self-defense, and that Mills also withheld witness statements and other evidence.

The Respondent does not dispute that Petitioner raised and exhausted the issue in his APCR of ineffective assistance of counsel for failure to file for a suppression hearing concerning the warrant not being returned to the magistrate within ten days.  <u>See</u> Memorandum in Support of Summary Judgment, pp. 16-17; <u>see</u> <u>also</u> Respondent's Exhibit 9, p. 6.  However, the Respondent contends that Petitioner's other claims of ineffective assistance of counsel against Andrews are both procedurally defaulted because, with respect to the convictions at issue in this habeas case, Petitioner did not raise these issues in either his Petition for Writ of Certiorari or his Amended Petition for Writ



of Certiorari in his PCR appeal. <u>See</u> Respondent's Exhibits 7 and 9.[9] Rather, Petitioner only discussed these other issues in his response to Respondent's Return to Petition for Writ of Certiorari. <u>See</u> Respondent's Exhibit 13, pp. 10-11. Petitioner cannot present the State with a constantly moving target as to what claims or issues he is or is not contesting, and his reference to these issues in his reply brief were therefore not sufficient to exhaust these claims. <u>See</u> <u>State v. Wakefield</u>, 473 S.E.2d 831, 832 (S.C.Ct.App. 1996)[no new arguments or issue may be made or raised in a reply brief]; <u>see generally</u>, <u>Fields v. Melrose Ltd. Partnership</u>, 439 S.E.2d 283, 285 n. 3 (S.C.Ct.App. 1993). Therefore, Respondent argues that these issues are now procedurally barred from consideration by this Court, and the undersigned agrees. *Cf.* <u>Joseph</u>, 184 F.3d at 328; <u>Townes</u>, 68 F.3d at 846; <u>Mallory</u>, 27 F.3d at 995.

    With regard to Petitioner's ineffective assistance claim against Mills, this issue was not addressed by the PCR judge in his order, and therefore would not be considered exhausted for purposes of this federal petition. <u>Plyler v. State</u>, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]. Furthermore, Petitioner did not raise this claim in either his Petition for Writ of Certiorari or his Amended Petition in his PCR appeal. <u>See</u> Respondent's Exhibits 7 and 9. While Petitioner did discuss this issue in his response to Respondent's Return to Petition for Writ of Certiorari; <u>see</u> Respondent's Exhibit 13, pp. 10-11; for the reasons already discussed, this was not sufficient to exhaust this claim for purposes of federal habeas review. Therefore, Petitioner's claim regarding Mills is also now procedurally barred from consideration by this Court. See <u>Wakefield</u>, 473 S.E.2d at 832; <u>see generally</u>, <u>Fields</u>,

---

  [9]As previously noted, Petitioner was contesting multiple convictions from three different court proceedings in his Petition. Petitioner spends most of his time in his Petition talking about counsels' failure to address "subject matter jurisdiction" and his right to a preliminary hearing.



439 S.E.2d at 285 n. 3; <u>cf</u> <u>Joseph</u>, 184 F.3d at 328; <u>Townes</u>, 68 F.3d at 846; <u>Mallory</u>, 27 F.3d at 995.

**A)** Since Petitioner's ineffective assistance claims [with the exception of the claim for ineffective assistance of counsel by Andrews for failure to file for a suppression hearing] were not properly raised and exhausted in Petitioner's APCR, they are now barred from further state collateral review; <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram</u>, 1998 WL 726757 at **1; <u>Josey</u>, 2001 WL 34085199 at * 2; <u>Aice</u>, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue these claims, they are fully exhausted. <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague</u>, 489 U.S. at 297-298; <u>George</u>, 100 F.3d at 363; <u>Matthews</u>, 105 F.3d at 911. Additionally, even though technically exhausted, since these claims were not properly pursued by the Petitioner in state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766; <u>Coleman</u>, 501 U.S. at 750.

It appears that Petitioner may be arguing that his PCR counsel was ineffective for failing to preserve these issues. Petitioner contends that he wrote several letters requesting that his counsel preserve the issues raised in his PCR proceedings, but not ruled on by the PCR judge. <u>See</u> Respondent's Exhibit 2, pp. 216-217, 228-229. Even assuming this to be the case, it does not provide Petitioner relief. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." <u>Murray</u>, 477 U.S. at 488; <u>see also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>,



14 F.3d 956, 973 (4th Cir. 1994)(en banc).  However, while ineffective assistance of counsel can constitute "cause" for procedural default, it will only constitute "cause" if it amounts to an independent violation.  <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996).  Here, Petitioner has failed to show the necessary "cause" for his procedural default, because the counsel who did not pursue these issues was his counsel in his postconviction case, and ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default.  <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.   Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932  (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

        Therefore, Petitioner has failed to show cause for his procedural default on these issues.  <u>Rodriguez</u>, 906 F.2d at 1159. As previously discussed,  Petitioner has also failed to show that a fundamental miscarriage of justice will occur if these claims are not considered.  <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at  881. Therefore, these claims are procedurally barred from consideration



by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

**B)** With regard to the remaining ineffective assistance of counsel claim, Petitioner contends that trial counsel Andrews failed to file for a suppression hearing relating to the warrant not being returned to the magistrate within ten days. This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Goodman v. State</u>, No. 01-CP-40-1501. Specifically, the PCR judge found that: 1) Petitioner testified that trial counsel failed to move for a suppression hearing; 2) every aspect of Petitioner's testimony regarding his trial counsel's representation was not credible; 3) Petitioner's guilty plea was knowingly and voluntarily entered; and 4) Petitioner's guilty plea was not rendered involuntary as a result of the ineffective assistance of counsel. (R.pp. 412-413).

Substantial deference is to be given to the state court's findings of fact. <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct



under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner



17

must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.   Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. The search warrant was issued on June 30, 2000, executed on July 3, 2000, and the return sworn before the judge on August 15, 2000.. See Respondent's Exhibit 2, pp. 163-166.   The South Carolina Supreme Court has held that the failure of a warrant to be returned to a magistrate within ten (10) days is purely ministerial and insufficient for relief absent a specific showing of prejudice. State v. Weaver, 649 S.E.2d 479, 483 (S.C. 2007); State v. Wise, 252 S.E.2d 294, 295 (S.C. 1979). No prejudice has been shown here, because there is no evidence to show that a suppression motion would have been granted based on the warrant not having been returned until August 15, 2000.

Petitioner's counsel testified that she went over Petitioner's questions about the search warrant with him, that she could find nothing on the face of the search warrant that was defective, and that based upon the evidence and the facts in Petitioner's drug case, the likelihood of conviction was certain, and if convicted, Petitioner would have been eligible for life without parole. (R.pp. 369-370).  Counsel also testified that she did not see any viable defenses to Petitioner's drug charges. (R.pp. 370-371).  Furthermore, counsel testified that she called and begged the Solicitor's Office to withdraw the notice of life without parole, and that as a result, the Solicitor's office offered to



18

withdraw the notice of life without parole if the Petitioner plead guilty. (R.p. 371). Petitioner then decided to proceed with the guilty plea.

No prejudice is shown in this testimony, and since Petitioner has not shown that this issue would have provided Petitioner a viable defense, he has not shown that his counsel was deficient for not raising this issue, or that he would not have otherwise proceeded with his guilty plea. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

This claim is without merit and should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that the trial court lacked subject matter jurisdiction because of (1) the alleged ten day issue with the search warrant; (2) the chain of custody issue; and (3) the fact that no money or marijuana was allegedly turned in after arrest. Petitioner did not raise any of these issues in his direct appeal or in his APCR, and they are therefore procedurally defaulted. The Petitioner did raise a subject matter claim in his *pro se* brief in his direct appeal, but that issue was based on different grounds from the issues presented here. Petitioner also argued in his PCR petition that there was no subject matter jurisdiction because of the denial of a



preliminary hearing.  However, Petitioner conceded on appeal that, with respect to the grounds asserted here, that "[n]either this court nor the P.C.R. court has addressed the precise challenge now raised by the petitioner."  See Respondent's Exhibit 9, p. 6.

Therefore, as these issues have not been presented to the state courts; see Joseph, 184 F.3d at 328; Townes, 68 F.3d at 846 (quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)); they would not be considered exhausted for purposes of this federal petition.  Plyler, 424 S.E.2d at 478-480 [issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]. Further, since these issues were not raised in Petitioner's direct appeal or his APCR, they are barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue these claims, they are fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911.

Since these claims were not properly pursued or exhausted by the Petitioner in his direct appeal or his APCR, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750. Petitioner does not argue cause for his failure to raise these claims, arguing instead that claims regarding lack of subject matter jurisdiction can be raised at any time. See Petitioner's Memorandum in Opposition, p. 13.  However, as previously discussed, the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'"; see discussion, supra; Thompson, 2007 WL 2579570 at *4; and it is not for this Court to determine such issues of state law. Estelle, 502 U.S. at 67; Thompson, 2007 WL



2579570, at *4; <u>Dew</u>, 2007 WL 4302429 at *4.  Accordingly, Petitioner's argument is without merit, and since he did not otherwise argue cause, he has failed to show cause for his procedural default on this issue.  <u>Rodriguez</u>, 906 F.2d at 1159.  Petitioner has also failed to show that a fundamental miscarriage of justice will occur if this claim is not considered.  <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881.

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 1, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

