IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Goodman, ) | |
| ) | C/A No. 9:07-3517-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Leroy Cartledge, Warden, M.C.C.I., ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Isaac Goodman is a prisoner in the custody of the South Carolina Department of Corrections who currently is housed at McCormick Correctional Institution in McCormick, South Carolina. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

This matter is before the court on Respondent's motion for summary judgment filed February 15, 2008. By order filed February 19, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondent's motion on April 23, 2008.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation on August 1, 2008 in which he recommended that Respondent's motion for summary judgment be granted. On August 22, 2008, Petitioner filed a motion to enlarge time to object to the Report and Recommendation. Petitioner was granted until September 19, 2008 to file objections. On September 23, 2008, Petitioner filed a second motion to enlarge time to file objections to the Report and Recommendation. The court has thoroughly

reviewed the record and the Report and Recommendation. For the reasons stated hereinbelow, the court concludes that the Magistrate Judge properly analyzed the § 2254 petition. The court therefore denies Petitioner's second motion to enlarge time (Entry 39) as it does not appear that additional briefing would be instructive.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Petitioner was indicted in December 1999 for murder. Petitioner also was indicted in December 2000 for possession with intent to distribute marijuana 10th offense and possession with intent to distribute crack cocaine 10th offense. On January 23, 2001, Petitioner pleaded guilty to possession with intent to distribute crack cocaine and to the lesser-included offense of involuntary manslaughter on the murder charge. Petitioner was sentenced to twenty-five years incarceration for the crack cocaine charge and a consecutive sentence of five years incarceration as to the involuntary manslaughter charge. The State nol prossed the marijuana charge.

Petitioner timely filed an appeal. The South Carolina Office of Appellate Defense filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the following sole issue to the

South Carolina Court of Appeals:

> The judge rendered appellant's guilty plea conditional–and thus void–by advising him, "[Y]ou have a right to appeal the guilty plea . . . .

Entry 20-27

Petitioner also filed a pro se brief raising the following issue:

> Trial court lacked subject matter jurisdiction to hear or accept appellants guilty plea.

Entry 20-28.

The South Carolina Court of Appeals affirmed the convictions and sentences. State v. Goodwin, 2002-UP-0448 (S.C. Ct. App. 2002). Petitioner filed a pro se petition for hearing, which was denied by the court of appeals. Petitioner next filed a petition for writ of certiorari to the South Carolina Supreme Court in which he raised the following issue:

> Is the Court of Appeals' decision–that the Circuit Court [] has Subject Matter Jurisdiction to hear a guilty [plea] by a defendant charged with murder after a waiver of presentment for involuntary manslaughter as the lesser included offense–in conflict with decisions by this Court?

Entry 20-36.

The supreme court denied the petition for writ of certiorari on November 21, 2002. Remittur was sent down on December 13, 2002.

On April 21, 2001, while direct appeal was pending, Petitioner filed an application for post-conviction relief (PCR) in state court. Petitioner raised the following issues:

1. Prosecutorial misconduct.

2. Ineffective assistance of counsel.

3. The Court lacked subject matter jurisdiction.

Entry 20-2, p. 55.

The matter came before a PCR judge for a hearing on January 20, 2004. Petitioner was represented by counsel. On February 19, 2004, the PCR judge entered a written order denying and dismissing the PCR application.

Petitioner, appearing pro se, next petitioned the South Carolina Supreme Court for a writ of certiorari. Petitioner asserted the following grounds for relief:

1. Whether the State's failure to comply with S.C. Code Ann. § 22-5-200 (Cumm. Supp. 1982) and S.C. Code Ann. § 22-5-510 (Cumm. Supp. 1982) deprived the trial court of jurisdiction to entertain the Petitioner's criminal case?

2. Whether Petitioner's trial counsel's were ineffective where they failed to move upon the trial court to quash his indictments or challenge his 1995 indictments to be quashed where he was denied due process of law by reason of the fact that he was not afforded a preliminary hearing as required by State Statute resulting in prejudice where he was denied his constitutional entitlement to the assistance of counsel at his preliminary hearing?

Entry 20-12 (errors in original).

Petitioner filed an amended petition dated November 2, 2004, raising the following:

1. Whether the combined effect of S.C. Code Ann. § 22-5-710 (Supp. 1985) and, in addition, the 1998 amended statute, S.C. Code Ann. § 22-5-510 (Supp. 1998) was to deprive the Court of General Sessions of jurisdiction to try Petitioner?

2. Whether the multiple acts and omissions of Petitioner's trial counsel's denied him the effective assistance of counsel?

3. Whether the post-conviction hearing judge erred where he ruled Petitioner could not challenge his 1995 prior convictions dismissing his PCR application denying him relief where his 1995 priors were used by the State to seek life imprisonment based on a letter of Notice?

Entry 20-14.

The petition for writ of certiorari was denied on September 20, 2006. Petitioner moved for

4

a rehearing and to stay remittitur, which was denied. Remittur was sent down on November 14, 2006.

Petitioner filed the within action on October 25, 2007. Petitioner asserts the following grounds for federal habeas relief:

> **Ground One**: Prosecutorial misconduct.
> Petitioner contends that the Solicitor committed prosecutorial misconduct by supposedly prosecuting Petitioner 1) on a "void" search warrant because the warrant was only valid for 10 days, and it was not returned until past that time; 2) where the chain of custody was faulty because the arresting officer allegedly did not turn in the seized drugs until two days after the arrest; and 3) where there was no money or marijuana turned in as a result of the arrest.
>
> **Ground Two:** Ineffective Assistance of Trial Counsels - Ms. Jill C. Andrews and Robert C. Mills.
> Petitioner contends that counsel Andrews was ineffective for failing to file for a suppression hearing concerning the failure to return the search warrant within the ten day period, and concerning the alleged broken chain of custody. Petitioner also contends that Andrews failed to timely file a direct appeal. Finally, Petitioner contends that Mills was ineffective for advising Petitioner to plead to the involuntary manslaughter charge when he had a claim of self-defense, and that Mills also withheld witness statements and other evidence.
>
> **Ground Three:** Subject Matter Jurisdiction.
> Petitioner contends that the trial court lacked subject matter jurisdiction because of the alleged ten day issue with the search warrant, the chain of custody issue, and the fact that no money or marijuana was allegedly turned in after arrest.

Entry 1, pp. 6-9.

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

## II.  DISCUSSION

A.    <u>Grounds One and Three</u>

The Magistrate Judge determined that Grounds One and Three are procedurally defaulted.

The court agrees.

A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. Id. The "independent and adequate state law ground" applies to bar federal habeas when a petitioner has deprived the state court of an opportunity to address his federal claims because he has failed to meet the state's procedural requirements for presenting his claim. Id. at 732. Thus, when a petitioner fails to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for purposes of federal habeas. Id. at 735, n.1. In such a case, the exhaustion requirement is "technically met"; however, the rules of the procedural bar apply. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). In this case, state procedural rules would prevent Petitioner from now seeking appellate review of these issues. See S.C. App. Ct. R. 208(b)(1)(B). Petitioner has articulated no good cause for the omission or prejudice from denial of review. See Wainwright v. Sykes, 433 U.S. 72 (1977). The Magistrate Judge correctly concluded that Grounds One and Three should be dismissed.

B.      Ground Two

The Magistrate Judge reviewed Petitioner's claims regarding ineffective assistance of counsel and concluded that the allegations are procedurally defaulted except as to Petitioner's contention that trial counsel Andrews failed to file for a suppression hearing relating to the warrant not being returned to the magistrate within ten days. The Magistrate Judge determined that Petitioner's

argument has no merit. The court agrees.

An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in State court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a State court is presumed to be correct; Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Id. (e)(1).

To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694.

Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id. at 57-59 (internal citations omitted).

The PCR judge found Petitioner's testimony regarding trial counsel's representation to be not credible. The PCR judge noted that trial counsel Andrews did not move to suppress or to quash the indictments because in her legal opinion she had no basis to do so. Entry 20-4, pp. 100-01. Trial counsel Andrews testified at the PCR hearing that she could find nothing on the face of the indictment and within the chain of custody that was defective. Trial counsel Andrews stressed to Petitioner the likelihood that he would be convicted under the evidence and facts and that she could discern no defenses to the Solicitor's case. Trial counsel Andrews was able to convince the Solicitor to withdraw a notice of life without parole in exchange for a guilty plea, and Petitioner determined to accept that offer. Entry 20-4, pp. 57-60.

Further, as correctly noted by the Magistrate Judge, the failure of a warrant to be returned to a magistrate within ten days is purely ministerial and insufficient for relief absent a specific showing

of prejudice. State v. Weaver, 649 S.E.2d 479, 483 (S.C. 2007). Petitioner has failed to show prejudice, because there is no showing that a motion to suppress would have been successful, or that he would have rejected the plea offer in favor of going to trial. The PCR judge's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner's claim is without merit.

### III. CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The Magistrate Judge's comprehensive Report and Recommendation is incorporated herein by reference. Respondent's motion for summary judgment (Entry 19) is granted and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 29, 2008

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**